UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO.: 2:21-CR-127-PPS-JEM |
| ) | |
| TYRONE E. JOHNSON, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Government's Second Motion for Psychiatric or Psychological Examination [DE 60] filed by the Government on August 23, 2021. On September 8, 2021, Defendant filed a response, and the Government filed a reply on September 15, 2021.

**I.    Procedural Background**

On September 16, 2020, Defendant Johnson was charged in an indictment with 1 count of possession of child pornography, and 1 count of production of child pornography. On May 4, 2021, Defendant Johnson filed a Notice of Expert Evidence of Mental Condition, where he gave notice of his intention to "introduce expert evidence relating to a mental disease or defect or other mental condition bearing on either (1) the issue of guilt or (2) the issue of punishment." In response to Defendant's Notice, on May 25, 2021, the Government filed a Motion for Psychiatric or Psychological Examination under Federal Rule of Criminal Procedure 12.2(c)(1)(B), Title 18 U.S.C. §§4241 and 4242(a). On June 24, 2021, during a hearing on the Government's Motion, Defendant Johnson withdrew his Notice and the Government's Motion was also withdrawn.

On August 20, 2021, Defendant Johnson filed a motion to continue the trial date in order to allow defense counsel "to properly assess, evaluate, and review significant psychological and mental health information recently assembled." Def. Mot., p. 2 [DE 57] and on August 23, 2021, the Government filed the instant Second Motion for Psychiatric or Psychological Examination, asserting that Defendant's mental health had been put at issue for a second time, and renewing its

previous motion for BOP evaluations as to Defendant's mental defect and competence. The Government argues that Defendant's Fourth Motion to Strike the Final PreTrial Conference included a claim of a lack of competency to stand trial and is effectively a renewed notice of expert evidence of a mental condition pursuant to Federal Rule of Civil Procedure 12.2(b), and it is therefore entitled to an examination pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(B).

**II.     Analysis**

    A.  <u>Competency Hearing</u>

Section 4241 of Title 18 of the United States Code instructs:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a).

A court is not obligated to hold a competency hearing, whether requested by the government or a defendant. *See United States v. Anzaldi*, 800 F.3d 872 (7th Cir. 2015). Even when a defendant relies on seemingly bizarre legal theories (a sovereign citizen type tax fraud scheme) and chooses to proceed without counsel, competency is not necessarily at issue. *Id*. *See also United States v. Jonassen*, 759 F.3d 653 (7th Cir. 2014).

Defendant Johnson argues that there is no reasonable cause for this Court to believe he is currently suffering a mental condition rendering him incompetent to stand trial pursuant to 18 U.S.C. Sec. 4241(a). In particular, he argues:

2

> Most significantly, defendant's appointed counsel has repeatedly advised the district court that Mr. Johnson has fully cooperated with counsel, that he understands that legal issues in the case, and that counsel has no reasonable cause to believe that Mr. Johnson may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Def. Resp., p 5 [DE 64].

Despite reference to mental health information, counsel for Defendant asserts that Defendant Johnson does not lack the capacity to participate in his own defense. Defendant's counsel is in a better position to assess his mental competency than the government, and in light of the lack of any evidence to the contrary, his representations are entitled to great weight. *See United States v. Savage*, 505 F.3d 754, 750 (7th Cir. 2007) ("Significant weight is given to counsel's representations concerning his client's competence and counsel's failure to raise the competency issue. [citations omitted]"). A defendant is presumed to be competent, *United States v. Segal*, 398 F.Supp.2d 912, 914 (N.D. Ill. 2005).

B. <u>Mental Defect examination</u>

Section 4242 of Title 18 of the United States Code addresses the defense of insanity, and provides:

> Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c) [18 USCS § 4247(b) and (c)].

18 U.S.C. § 4242 (a).

Federal Rule of Criminal Procedure 12.2 addresses the process by which the issue of insanity, or the related issue of mental defect, is to be raised and addressed by the parties and the courts. It provides that a defendant must provide the government with, and file with the clerk, a

3

written notice of his intent to claim either an insanity or a mental defect defense. Fed R. Crim P. 12.2(a), (b). The Government is then entitled to ask for an examination. Fed R. Crim P. 12.2(c)(1)(B). The Court must order an examination "[i]f the defendant provides notice under Rule 12.2(a)," which is an intent to proceed with an insanity defense. However, the Court has discretion regarding whether to order an examination when the notice is pursuant to Rule 12.2(b). Fed R. Crim P. 12.2(c)(1)(B) ("If the defendant provides notice under Rule 12.2(a) [insanity defense], the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242. If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion order the defendant to be examined under procedures ordered by the court").

Rule 12.2 was enacted in order to formalize the process by which insanity and mental defect defenses would be addressed by parties and courts, in part to avoid delays occurring when the defenses were raised, for the first time, at or during trial. Fed. R. Crim. P. 12.2 advisory committee notes to 1975 enactment. The Rule was also designed to protect defendants' Fifth Amendment rights against self-incrimination by limiting the uses to which such information could be put. *Id*.

A Rule 12.2 Notice is a prerequisite for the government to request a psychiatric or psychological examination of a defendant as to the defendant's mental state at the time of the events leading to the charges. *Id*. At this time, Defendant Johnson has withdrawn his Rule 12.2(b) Notice, and has not filed a new one. Defendant Johnson's Fourth Motion to Strike the Final PreTrial Conference makes no reference to using expert evidence relating to a mental disease or defect or any other mental condition of the defendant. It indicates only that counsel has received mental health records of the defendant that he needs to review. Since there is no Rule 12.2 Notice pending by Defendant Johnson, the Government is not entitled to request an examination under Rule 12.2(c).

4

The Court finds no reasonable cause at this time for this Court to believe the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense based on the representations of counsel for Defendant, and Defendant's Fourth Motion to Strike the Final PreTrial Conference does not constitute a Rule 12.2 Notice of Expert Evidence.

### III. Conclusion

Accordingly, the Court hereby **DENIES** Government's Second Motion for Psychiatric or Psychological Examination [DE 60], without prejudice.

SO ORDERED this 30th day of September, 2021.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record